UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHELLY REED,<br><br>   Plaintiff,<br><br>  v.<br><br>CORINTHIAN COLLEGES, INC., a Delaware corporation, doing business in Washington as BRYMAN COLLEGE,<br><br>   Defendant. | Case No. C05-5601FDB<br><br>ORDER RE MOTIONS TO COMPEL, AMEND AND REMAND |

## INTRODUCTION

The Complaint alleges intentional misrepresentation, negligent misrepresentation, violations of Washington's Consumer Protection Act, and Breach of Contract. Plaintiff Reed alleges that these misrepresentations regarded, among other things, the nature and quality of the school and its programs and the marketability and placement of the school's graduates. This case is similar to an earlier case before this Court (*Fisher et al. v. Corinthian Colleges, Inc.*, Cause No. C05-5412FDB), in which the Court compelled select plaintiffs, of the forty-one, to arbitration and dismissing their claims. Several motions are pending, and once they are resolved their disposition will relieve this court of the duty to decide this case, as it will either be remanded or arbitration will be compelled.

ORDER - 1

1  Defendants moved on September 28, 2005 to Compel Arbitration. Plaintiff Reed filed an Amended Complaint on September 29, 2005 in which she added Eton Education, Inc.d/b/a Bryman College (Eton was the previous name for Bryman College), and Joseph Hayward, an Eton Admissions Representative. These addition of these defendants, who are Washington residents, would divest this court of jurisdiction, as there would no longer be complete diversity.

Defendant Corinthian Colleges then moved on October 6, 2005 to Strike or Dismiss Plaintiff's Amended Complaint for failure to obtain leave of court before adding additional, non-diverse defendants pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1447(e). Plaintiff Reed on October 6 moved to Amend her complaint to add the two additional parties.

Also, on October 6, 2005, Plaintiff Reed moved to remand this cause of action for the reason that the citizenship of the Plaintiff and Defendants will no longer be diverse once the Court grants Plaintiff's motion to amend.

Finally, Plaintiff Reed objects to Corinthian's filing a notice that a Superior Court Judge granted Corinthian's Motion to Compel Arbitration of certain plaintiffs in that case.

**DISCUSSION**

Threshold motions must be decided in this case: compel arbitration and, if leave to amend is granted, remand. Having considered the parties arguments, the Court is convinced that Reed's claims are subject to arbitration and this cause of action must be dismissed.

Reed argues that the arbitration language regarding fees is enough to invalidate the agreement, the terms are ambiguous, and make no sense. Reed argues that Corinthian is not a third-party beneficiary to the Sallie Mae loan contract; that Corinthian did not sign the arbitration agreement between Shelly Reed and Sallie Mae, and that there is no proof that Reed knowingly and voluntarily waived her constitutional right to jury trial. Finally, Reed argues that the Court's ruling in Chalise Crowder's case is distinguishable.

Reed's arguments fail, and this Court must grant the motion to compel arbitration.

ORDER - 2

Corinthian has agreed to stipulate to an identical fee structure to the 62 other pending arbitrations, precluding the possibility that Plaintiff may have to pay all of the arbitrator's fees:

> [T]he School hereby waives its right to request that Plaintiff advance the filing and hearing fees.  Further, to make this analysis perfectly identical to the analysis already performed in connection with Ms. Crowder's agreement, the School agrees to the fee arrangement identical to the one in Ms. Crowder's arbitration agreement.

Motion to Compel Arbitration, p. 3.

Reed essentially argues that no one from the school advised her of the consequences of her agreeing to arbitration.  This is insufficient under Washington law.

> [A]party to a contract which he has voluntarily signed will not be heard to declare that he did not read it, or was ignorant of its contents.  Once cannot, in the absence of fraud, deceit or coercion be heard to repudiate his own signature voluntarily and knowingly fixed to an instrument whose contends he was in law bound to understand.

*General Ins. Co. Of Am. v. Fort Lauderdale Partnership*, 740 F. Supp. 1483, 1487 (W.D. Wa. 1990)(citing *National Bank v. Equity Investors*, 81 Wn.2d 886, 506 P.2d 20 (1973)).  No facts are alleged that would support a claim of deceit or coercion.  The arbitration agreement was written in plain language, was not hidden, or written in unusually small print.

The school that Plaintiff was attending, Eton Technical Institute, the predecessor to Bryman, was the intended beneficiary as expressly contemplated by the Sallie Mae Loan Document: "[t]he proceeds of this loan will be used for the educational expenses at the School, including living expenses" and [y]ou have the right to cancel any undisbursed amount if, after you agree to make the loan, (a) I cease to be enrolled at the School and I do not owe the School for costs of attendance incurred before I ceased to be enrolled ...."  Decl. Williams, Ex. B, p. 16 (Docket Entry # 13-1). The agreement also states:

> This [arbitration] provision covers any claim, dispute, or controversy ... arising from or relating to ... the relationships which result from this Note (including to the full extent permitted by applicable law, relationships with third parties who are not signatories of this Note).

Decl. Williams, Ex. B, p. 17 (Docket Entry # 13-1).  Additionally, the agreement states:   "Any

ORDER - 3

dispute concerning a Claim shall be resolved, upon the election of you or us or any third party, by binding arbitration ... ." *Id.*

Plaintiff Reed's arguments in her Motion to Remand fail for the following reasons. Plaintiff seeks to amend the Complaint and then to remand because of the addition of local plaintiffs that defeat this Court's diversity jurisdiction. Leave to amend the Complaint to add nondiverse plaintiffs is denied because Reed has failed to show that the additional parties are necessary and indispensable under the Federal Rules of Civil Procedure. Joint tortfeasors are not necessary parties to litigation under Rule 19(a). *See, e.g., Perrian v. O'Grady*, 958 F.2d 192 (7th Cir. 1992). Even if this Court were to grant leave to amend and then to grant remand, the issue of compelling arbitration would very likely arise again, thus wasting judicial resources and the parties' efforts. Accordingly, Plaintiff's motions for leave to amend and to remand are denied. The amended complaint, which Plaintiff filed before moving to amend is stricken, and, thus, Defendant's Motion to Strike or dismiss Plaintiff's Amended Complaint is granted.

## CONCLUSION

Ths cause of action is subject to a valid arbitration clause and must be dismissed. Plaintiff's motion to amend to add nondiverse parties that would deprive this Court of diversity jurisdiction is denied, and, consequently, Plaintiff's motion to remand is denied.

NOW, THEREFORE,

IT IS ORDERED:

1. Defendant Corinthian College's' Motion to Compel Arbitration [Dkt. # 9] is GRANTED, and this cause of action is DISMISSED;

2. Defendant Corinthian College's Motion to Strike or Dismiss Plaintiff's Amended Complaint [Dkt. # 14] is GRANTED;

3. Plaintiff Reed's Motion for Leave of Court To Amend Complaint [Dkt. # 15] is DENIED;

ORDER - 4

4.   Plaintiff Reed's Motion for Remand to State Court [Dkt. # 17] is DENIED;

5.   Plaintiff Reed's Motion To Strike Defendant's Notice of Filing, etc. [Dkt. # 43] is DENIED.

DATED this 6th day of December, 2005.

/s/ Franklin D. Burgess

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5